FILED - USDC ALSD
JUL 16 '25 AM 10:47

# 1. UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

ROBERT R. GORNTO,
    Plaintiff,

v.              Civil Action No. __25-cv-285-N__

CLOUDWAVE, INC., and
ABRY PARTNERS, LLC,
    Defendants.

## 2. COMPLAINT

Plaintiff, Robert R. Gornto ("Plaintiff"), brings this Complaint against Defendants CloudWave, Inc. and Abry Partners, LLC ("Defendants") for violations of the Americans with Disabilities Act (ADA), including associational discrimination and retaliation, and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101 et seq. (ADA).
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District, where Plaintiff resides and was employed remotely.
3. Plaintiff has exhausted all administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC) and receiving a Right-to-Sue letter issued on April 24, 2025.

### PARTIES

4. Plaintiff Robert R. Gornto is an individual residing at 6771 Half Mile Rd, Irvington, AL 36544.
5. Defendant CloudWave, Inc. is a corporation with a principal place of business at 100 Crowley Dr, Marlborough, MA 01752.
6. Defendant Abry Partners, LLC is a private equity firm and parent company of CloudWave, with operational control over CloudWave's strategic and employment decisions 888 Boylston Street, Suite 1600, Boston, MA 02199 .

### 3. FACTUAL ALLEGATIONS

7. Plaintiff was employed by CloudWave, Inc. for approximately eight years as a Cloud Administrator III, working remotely from Alabama.

8. During his employment, Plaintiff consistently received raises, bonuses, and positive performance reviews.

9. In September 2023, Plaintiff's wife was diagnosed with terminal cancer. Plaintiff utilized CloudWave's unlimited PTO policy to care for her during treatment and hospitalizations.

10. Plaintiff's supervisor and management expressed disapproval of his absences and pressured him to take FMLA leave, which he declined based on the company's unlimited PTO policy.

11. After submitting medical documentation confirming his wife's terminal diagnosis, management behavior temporarily improved.

12. Plaintiff raised concerns regarding CloudWave's cybersecurity practices and improper patching procedures, particularly involving Mr. Charlie Garcia, a Senior Engineer, and Mr. Brian Nelson, Director of Cloud Infrastructure.

13. On October 24, 2024, Plaintiff was terminated. The stated reason involved missed patching, though Plaintiff was not on call and had not been assigned the ticket in question.

14. Plaintiff was terminated abruptly and his access revoked immediately.

15. Upon information and belief, Mr. Nelson and Mr. Garcia were themselves terminated in 2025 under undisclosed circumstances after concerns about their performance and conduct became known.

16. Defendants failed to accommodate Plaintiff's associational disability obligations, retaliated against him for protected activity, and terminated him under pretext.

### CLAIMS FOR RELIEF

17. Defendants' actions constitute associational discrimination in violation of the ADA, 42 U.S.C. § 12112(b)(4).

18. Defendants also retaliated against Plaintiff for asserting his rights under the ADA.

19. These actions caused Plaintiff economic loss, emotional distress, and reputational harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in his favor;
b. Award back pay, front pay, and benefits;
c. Award compensatory damages for emotional distress;
d. Award punitive damages;
e. Award reasonable attorneys' fees and costs (if applicable);
f. Reinstate Plaintiff to his former position or award appropriate equitable relief;
g. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Robert R. Gornto
6771 Half Mile Rd
Irvington, AL 36544
(210) 275-0483
Pro Se Plaintiff